**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| FEDERICO MARES-MORENO, | § | |
| INDIVIDUALLY, AS PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF ELVIA ALVAREZ (DECEASED), | § | |
| AND AS NEXT FRIEND OF GENESIS | § | |
| ALVAREZ (MINOR CHILD), SIMON | § | |
| ALVAREZ, SR. and IVAN ALVAREZ | § | |
|     Plaintiffs, | § | No. _____ |
| | § | |
| v. | § | |
| | § | |
| JASMAIL SINGH, SUKHDEV SINGH | § | |
| and CHAHAL TRANSPORT, INC. | § | |
|     Defendants. | § | |

## COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURY

COMES NOW Plaintiff, Federico Mares-Moreno, Individually, As Personal Representative of the Estate of Elvia Alvarez, deceased, and As Next Friend of Genesis Alvarez, a minor child, Simon Alvarez, Sr., and Ivan Alvarez, in the above captioned cause, complaining of Jasmail Singh, Sukhdev Singh, and Chahal Transport, Inc., Defendants, and would respectfully show the Court as follows:

## I.   PARTIES

1. Plaintiff Federico Mares-Moreno files this Complaint Individually, as Personal Representative of the Estate of Elvia Alvarez and as Next Friend of Genesis Alvarez. Plaintiff Federico Mares-Moreno is an individual who resides in San Juan County, New Mexico.

2. Plaintiff Simon Alvarez, Sr., is an individual who resides in San Juan County, New Mexico.

3. Plaintiff Ivan Alvarez is an individual who resides in San Juan County, New Mexico.

4.      Upon information and belief, at all times material hereto, Defendant Jasmail Singh (hereinafter referred to as "Defendant J. Singh") is an individual who resides in Enola, Pennsylvania, and is an employee of Defendant Chahal Transport, Inc. Defendant J. Singh may be served with summons at his last known residence located at 4515 Mount Zion Drive, Enola, PA 17025.

5.      Upon information and belief, at all times material hereto, Defendant Sukhdev Singh (hereinafter referred to as "Defendant S. Singh") is an individual who resides in Westland, Michigan, and is the owner of the tractor trailer being driven by Defendant J. Singh and an employee of Defendant Chahal Transport, Inc.   Defendant S. Singh may be served with summons at his last known residence located at 8385 Opal Drive, Westland, MI 48185.

6.      Defendant Chahal Transport, Inc. (hereinafter referred to as "Defendant Chahal") was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Chahal as to all claims arising from those contacts. Defendant Chahal may be served with process in the State of New Mexico by serving its registered agent for service, Sukhdev Singh 8385 Opal Drive, Westland, MI 48185.

## II.      JURISDICTION AND VENUE

7.      As stated above, there is complete diversity of citizenship between Plaintiffs and Defendants. The subject matter of the claims of Plaintiffs in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

2

8.      Venue is proper in the United States District Court, District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

### III.      FACTUAL BACKGROUND

9.      On or about May 5, 2016, Federico Mares-Moreno was driving a 2007 GMC Yukon, owned by Ivan Alvarez, traveling east in the inside lane of I-40.  Elvia Alvarez, Genesis Alvarez, and Simon Alvarez, Sr. were all riding as passengers in the 2007 GMC Yukon.  Defendant J. Singh was driving a 2012 Freightliner, owned by Defendant S. Singh, traveling east in the outside lane of I-40. Defendant J. Singh lost control of his vehicle and Defendant J. Singh jerked the tractor-trailer to the left leaving heavy tire groove marks in the dirt at the edge of the shoulder. Defendant J. Singh's tractor-trailer was fishtailing in both lanes as Defendant J. Singh attempted to regain control of his tractor trailer.  The tractor trailer then entered into the inside lane of I-40 where it collided with the passenger side of the 2007 GMC Yukon, forcing it off of the roadway and causing the vehicle to roll.

10.      Defendant J. Singh was cited for Careless driving in violation of 66-8-114 NMSA 1978.

11.      As a result of the incident, Genesis Alvarez and Simon Alvarez, Sr. were injured.  Elvia Alvarez suffered severe injuries that resulted in her death.  Elvia Alvarez is survived by her minor children Jesus and Genesis Alvarez, her husband Federico Mares-Moreno, and her parents Simon Alvarez, Sr. and Agapita Alvarez.

## IV.    NEGLIGENCE and NEGLIGENCE PER SE OF DEFENDANT J. SINGH, DEFENDANT S. SINGH and DEFENDANT CHAHAL

12.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if fully set forth here.

### *Negligence per se*

13.    At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Elvia Alvarez.

14.    The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendant Chahal's tractor-trailer.

15.    In addition the New Mexico State Motor Carrier Safety Act and Traffic Laws apply to such trucks operating within the State of New Mexico.

16.    There were in force and effect FMCSR regulations that may have been violated by Defendant Chahal including but not limited to the following:

      A.    FMCSR 383.35 and 391.23 regarding background investigation of drivers;

      B.    FMCSR 391.11 regarding driver qualifications;

      C.    FMCSR 391.13 regarding driver training;

      D.    FMCSR 391.25 regarding annual review of driver safety;

      E.    FMCSR 391.27 regarding annual reports of driving violations;

      F.    FMCSR 391.31 regarding driver road testing;

      G.    FMCSR 391.51 regarding qualification and records files;

      H.    FMCSR 395.3 regarding hours of operation; and,

      I.    FMCSR 395.8 regarding driver duty status logs.

17.     At the time of the aforesaid collision there were in force and effect FMCSR regulations that may have been violated by Defendant J. Singh including but not limited to the following:

> A.  FMCSR 392.14 Hazardous conditions; extreme caution;
>
> B.  FMCSR 392.22 Emergency signals; stopped commercial motor vehicles;
>
> C.  FMCSR 392.3 regarding an ill or fatigued operator;
>
> D.  FMCSR 392.6 regarding schedules to conform to speed limits;
>
> E.  FMCSR 395.3 regarding maximum driving time;
>
> F.  FMCSR 383.110 regarding general knowledge;
>
> G.  FMCSR 383.111 regarding required knowledge; and
>
> H.  FMCSR 383.113 regarding required skills.

18.     At the time of the aforesaid improper driving there were in force and effect New Mexico State Statutes that were violated by Defendant J. Singh including but not limited to the following:

> a.  66-7-301(b)(1) NMSA (1978)— requiring that in every event speed should be so controlled by the driver as may be necessary to avoid colliding with any person;
>
> b.  66-7-301(b)(2) NMSA (1978)—in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;
>
> c.  66-8-113 NMSA (1978)—reckless driving;
>
> d.  66-8-114 NMSA (1978)—careless driving;

a.  65-3-11 NMSA (1978)—hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

b.  65-3-7 NMSA (1978) - qualifications of drivers;

c.  65-3-8 NMSA (1978) - equipment; loading; driving; unsafe practices;

d.  65-3-9 NMSA (1978) - commercial motor vehicles; equipment; regulations.

19.    As a direct and proximate result of violations of the above statutes and regulations, Plaintiffs have and will continue to suffer injuries and damages in an amount to be proved at trial.

*Negligence*

20.    At all times pertinent hereto, Defendant J. Singh failed to be reasonable in his operation of Defendant Chahal's tractor-trailer rig. At the time of the accident Defendant J. Singh was acting as an agent or employee of Defendant Chahal within the course and scope of his employment. Defendant Chahal are liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

21.    Defendant J. Singh was negligent and breached his duty to Elvia Alvarez and the public at the above time and place in at least the following respects:

a.  operating the vehicle in a careless and reckless manner;

b.  failing to have his vehicle under proper control;

c.  failing to safely apply brakes to avoid a collision;

d.  failing to maintain a safe speed;

e.  failing to keep a proper outlook;

f.  failing stay in a single lane of travel; and,

g.  failing to use due care.

6

22.     As a direct and proximate result of Defendant J. Singh's negligence, as set forth above, Plaintiffs suffered injuries and damages in an amount to be proved at trial.

23.     Defendant J. Singh's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

### Negligent Hiring, Supervision, Training and Retention

24.     Upon information and belief, the tractor-trailer driven by Defendant J. Singh was owned by Defendants Chahal and Defendant S. Singh and was negligently entrusted to Defendant J. Singh.

25.     Defendant J. Singh was an employee of Defendant Chahal and/or Defendant S. Singh and was acting within the course and scope of his employment.

26.     Defendant Chahal and/or Defendant S. Singh are responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

27.     Defendant Chahal and/or Defendant S. Singh had a duty of care to hire, supervise and train their employees to drive tractor-trailers in a reasonable and safe manner.

28.     Defendant Chahal and/or Defendant S. Singh breached thier duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant J. Singh for the duties which Defendant Chahal and/or Defendant S. Singh could foresee and expect Defendant J. Singh to perform in the course of his employment.

29.     As a direct and proximate result of Defendants' negligence, as set forth above, the Plaintiffs have suffered injuries and damages in an amount to be proved at trial.

30.     Defendants' actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiffs are entitled to an award of punitive damages.

# V. DAMAGES.

*Wrongful Death of Elvia Alvarez*

32.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth here.

33.     As a result of the acts and/or omissions of Defendants, Elvia Alvarez died. Accordingly, the Estate of Elvia Alvarez is entitled to an award of damages including, but not limited to, the following:

        a.     Reasonable expenses of necessary medical care and treatment;

        b.     Reasonable expenses of funeral and burial costs;

        c.     The pain and suffering experienced by the decedent between the time of injury and death;

        d.     The value of lost earnings and earning capacity, and the value of the lost household services of the decedent;

        e.     The value of the decedent's life apart from her earning capacity;

        f.     The loss to the beneficiaries of other expected benefits having a monetary value;

        g.     The mitigating or aggravating circumstances attending the wrongful act;

        h.     Any other actual or special damages in an amount to be proved at trial and as allowed by law;

        i.     Punitive damages in the maximum amount allowed by law in the maximum amount.

34.     As a direct and proximate result of Defendants' negligence, Federico Mares-Moreno has suffered damages and personal injuries and, as provided by New Mexico law, is entitled to recover for those damages. Plaintiff Federico Mares-Moreno has suffered damages as follows:

        a.     Physical pain sustained in the past;

        b.     Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

        c.     Mental anguish sustained in the past;

        d.     Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

e.  Physical impairment sustained in the past;

f.  Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

g.  Loss of wage earning capacity in the past;

h.  Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

i.  Disfigurement sustained in the past;

j.  Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

k.  Medical care expenses for Genesis Alvarez that, in reasonable probability, Plaintiff will require in the future after the age of 18.

l.  Medical care expenses sustained in the past; and

m.  Medical care expenses that, in reasonable probability, Plaintiff will require in the future.

35.  As a direct and proximate result of Defendants' negligence, Genesis Alvarez has suffered damages and personal injuries and, as provided by New Mexico law, is entitled to recover for those damages. Plaintiff has suffered damages as follows:

a.  Physical pain sustained in the past;

b.  Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

c.  Mental anguish sustained in the past;

d.  Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

e.  Physical impairment sustained in the past;

f.  Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

g.  Loss of wage earning capacity in the past;

    h.  Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    i.  Disfigurement sustained in the past;

    j.  Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    k.  Medical care expenses that, in reasonable probability, Plaintiff will require in the future after the age of 18.

36.    As a direct and proximate result of Defendants' negligence, Plaintiff Simon Alvarez has suffered damages and personal injuries and, as provided by New Mexico law, Plaintiff is entitled to recover for those damages. Plaintiff Simon Alvarez has suffered damages as follows:

    a.  Physical pain sustained in the past;

    b.  Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

    c.  Mental anguish sustained in the past;

    d.  Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    e.  Physical impairment sustained in the past;

    f.  Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    g.  Loss of wage earning capacity in the past;

    h.  Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    i.  Disfigurement sustained in the past;

    j.  Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    k.  Medical care expenses sustained in the past; and

l.   Medical care expenses that, in reasonable probability, Plaintiff will require in the future.

37.   As a direct and proximate result of Defendants' negligence, Plaintiff Ivan Alvarez has suffered property damage and, as provided by New Mexico law, Plaintiff is entitled to recover for those damages.

38.   Defendants actions were malicious, willful, wanton, reckless and/or grossly negligent and Plaintiff is seeking punitive damages.

39.   Plaintiff also seeks all costs of court, and pre-judgment and post-judgment interest in the maximum amount allowed by law.

## VI.   JURY DEMAND

40.   Plaintiffs demand a trial by jury.

## VII.   PRAYER FOR RELIEF

41.   WHEREFORE, Plaintiffs pray that Defendants be summoned and appear herein, and that, on final trial, Plaintiff recover from Defendants the following:

a.   past and future damages as set forth above;

b.   exemplary damages;

c.   pre-judgment and post-judgment interest at the highest rate allowed by law; and

d.   for such other relief, at law or at equity to which Plaintiff may show himself entitled.

Respectfully submitted,

_____

Jason Medina
Chad Inderman
Glasheen, Valles & Inderman, LLP
P.O. Box 1976
1302 Texas Avenue
Lubbock, Texas 79401
(806) 776-1331
(806) 329-0595 Facsimile
jmedina@gvilaw.com
inderman@gvilaw.com

**ATTORNEYS FOR PLAINTIFFS**